# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

ANNA L. PECK, Administratrix, etc., Respondent, *v.*
JOHN B. VALENTINE, Appellant.

*Evidence — memoranda made at the time — when a copy made by another person is*
*admissible after proof of the loss of the original.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by the plaintiff's intestate to recover money alleged to have been embezzled by the defendant while in charge of a lumber yard belonging to the intestate, from August, 1873, to November, 1879. The original plaintiff having died, the present plaintiff, his administratrix, was substituted in his place.

Upon the trial a book kept by the defendant, purporting to show the amounts received by him from July 5 to July 18, 1879, was put in evidence by the plaintiff.

The plaintiff then called as a witness George P. Leggett, who, being duly sworn, testified as follows: I reside at Hempstead; I was employed by plaintiff in his lumber yard in Hempstead in 1879; I kept an account in July, 1879, from the fifth to the eighteenth, of the moneys received by the defendant from cash sales; I kept it on a loose piece of writing paper; I made the entries each day, on continuous days, except Sundays; those entries were correct; they correctly stated the cash received by defendant from the cash sales on the different days; I gave the paper to the plaintiff; I never gave him any other statement of the kind; the defendant never saw this paper.

The plaintiff, being then duly sworn in his own behalf, testified as follows: I recollect receiving from Mr. Leggett the memorandum he testifies to having given me; the paper is lost; I have looked diligently everywhere for it, but cannot find it; I copied the figures

off from that paper into this memorandum book. (Witness produces a memorandum book.) These entires in this book are a copy of those figures; they are a correct copy, and they have never been in any way changed or altered since they were made.

The copy entered in the memorandum book, produced and referred to by the witness, was then offered in evidence by the plaintiff's counsel. The defendant objected; the objection was overruled and the defendant excepted.

This copy showed that the defendant had received more money than was shown by his account.

The court at General Term said: " If the witness Leggett had been in the possession of the original memorandum made by him at the time he gave his testimony, it is clear that he could testify to its accuracy; that he made it day by day according to the fact, and that although he had no precise present recollection of the daily entries apart from the memorandum itself, yet that it was correctly entered at the several times. Such a paper would be a part of the testimony of the witness and not a memorandum merely. The proof of the facts so evidenced would go to the jury or referee to be weighed as direct proof of the facts. The witness did not have that memorandum when he testified. It was proper for him to give the items from memory if he could. This he probably could not do as he did not attempt it. What he could do himself the plaintiff could do with other witnesses. The witness Leggett gave to the plaintiff this memorandum and he transcribed it. This copy was admissible as proof of the lost paper, and that paper thus reproduced was part of the evidence of the witness Leggett. It is, taken together, direct, positive, and if credited conclusive proof of the fact that the defendant received one sum of money belonging to plaintiff and returned a less sum. The amount the defendant accounted for was evidenced by his own books, and the amount he should have paid is proven by this evidence of Leggett, including the paper."

*J. T. Marean*, for the appellant.

*W. T. Milliken*, for the respondent.

Opinion by BARNARD, P. J.; DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.